UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

EUGENE LEE,                            )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )        No. 2:23-cv-00231-JMS-MG
                                       )
ANDREW VALLE,                          )
                                       )
                    Defendant.         )

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Eugene Lee, an inmate at Putnamville Correctional Facility ("Putnamville") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. Andrew Valle failed to properly treat his serious medical condition while he was housed at the Reception Diagnostic Center ("RDC"). Dr. Valle has moved for summary judgment arguing that Mr. Lee failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Dkt. 21. The Defendant's motion for summary judgment, dkts. [21], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Mr. Lee failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## BACKGROUND

### A.  Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 22-1 at 1-2 (Affidavit of Grievance Specialist Charles Clark). Upon an offender's entry into IDOC and when transferred to receiving facilities during incarceration, each offender is

advised of the offender grievance process during offender admission and orientation and provided a copy of the policy or instructions on how to access a copy. *Id.* at 3. At all times relevant to this action, Mr. Lee was housed at RDC. *Id.* The grievance procedures at RDC are provided to inmates upon their arrival and available in the facility's law library. *Id.* Inmates may also request a copy at any time. *Id.*

During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.*

An inmate who wishes to submit a formal grievance must submit a completed grievance form (State Form 45471) to the grievance specialist. *Id.* at 2. If an inmate is dissatisfied with the grievance specialist's response, he must appeal the decision by submitting a grievance appeal to the facility's warden or designee. *Id.* If an inmate is dissatisfied with the response to the grievance appeal, he must appeal that decision by filing a grievance appeal to the grievance manager. *Id.* Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.*

### B.  Mr. Lee's Participation in the Grievance Process

IDOC facilities record all grievance documents filed by inmates as well as all the responses and appeals issued by IDOC staff.  Dkt. 22-1 at 7. Mr. Lee's grievance history reflects that he never filed an accepted formal grievance.  *Id.* at 3-4; dkt. 22-2 at 3-4 (Russell Affidavit).

### III.
### DISCUSSION

The Defendant seeks summary judgment arguing that Mr. Lee failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner

exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, the undisputed evidence demonstrates that Mr. Lee did not file an accepted formal grievance in compliance with the grievance policy before filing this action. *See* dkts. 22-1 at 3-4; dkt. 22-2 at 3-4. Therefore, he failed to complete even the first step in the offender grievance process and did not exhaust his administrative remedies. Accordingly, because Mr. Lee failed to exhaust his available administrative remedies prior to bringing this action, his claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

**IV.**
**CONCLUSION**

For the reasons explained above, the Defendant's motion for summary judgment, dkt. [21], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

EUGENE LEE
982727
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only